No. 26.—ROBERT C. PARK and another, ex'rs, &c. *vs.* JOSEPH HARDY and another, guardians, and others.

[1.] A testator's will contained this bequest: "I bequeath and set apart my rail road stock, being eighty shares in the Ga. R. R. & Bk'g Co. for the purpose of educating my children, now under age, and direct that they be boarded and educated out of the same until they receive a thorough classical education, if they have sufficient capacity for the same; and should my present wife have a child, it is to be boarded and educated in the same manner and share in all respects with my children now under age": *Held*, that this was not a bequest of the *dividends* on the stock to the children; and therefore, that their guardians were not entitled to call upon the executors for the dividends, or for a power to receive the dividends.

[2.] The will also contained this: "I give and bequeath to my beloved wife, Nancy Park, her choice of my negro women, to have and to keep the same during her life," &c. The wife, by the conduct of the executors, was prevented from making choice of a woman: *Held*, that she may still make choice of a woman, and that she will be entitled to receive, in addition to the woman, the woman's hire and issue of a date subsequent to the time when she demanded her property.

In Equity, in Jackson Superior Court. Decision by Judge JACKSON, at Chambers, 19th June, 1855.

The following items appeared in the last will of William Parks:

"Item 4. I bequeath and set apart my rail road stock, being eighty shares, in the Ga. R. R. & Bk'g Co. for the purpose of educating my children, now under age, and direct that they be boarded and educated out of the same, until they receive a thorough classical education, if they have sufficient capacity for the same; and should my present wife have a child, it to be boarded and educated in the same manner, and share in all other respects, with my children now under age.

"Item 11. I give and bequeath to my beloved wife, Nancy Park, her choice of my negro women, to have and to keep the same during her life; then the said negro and her increase, if any, to belong to my estate."

Guardians were appointed by the Ordinary for the minor children of testator.

Upon a bill filed by the executors, for instruction upon various items in the will, the Court below, among other things, decided that a Court of Equity would not order the executors to authorize the guardians to receive the dividends on the rail road stock, directly, and without passing through their hands. To this decision, Hardy and Thompson, the guardians, excepted.

The Court also decided that the widow, Nancy Park, was entitled to recover hire for the negro she may select, and also her increase, from the time she demanded the same of executors. The facts, as to the demand, were, that the widow went to the executors and said, "I demand my property," meaning her property under the will. The executors refused to let her have any of it. To this decision of the Court, the executors excepted.

Each party assigned error in this Court.

COBB & HULL, for Park.

T. R. R. COBB, for Hardy.

*By the Court.*—BENNING, J. delivering the opinion.

What did the testator, by the fourth item of his will, give to his children?

He gave them so much of the "rail road stock" as would be sufficient to defray the expenses of their "thorough classical education," and the expenses of their board during the time of the education, on condition that they had "sufficient capacity" to receive such an education. He gave them no more than this.

This was such a proportion of the stock as might be equal to the dividends on the stock, or as might be greater than the dividends, or as might be less. It was a quantity, too, which would almost, of necessity, vary with itself, from year to year,

if not from month to month. It could not be the dividends.

[1.] It follows, that the children were not entitled to the dividends. And if the children were not entitled to the dividends, the guardians of the children were not entitled to call for the dividends, or for a power to receive the dividends.

It may not be amiss to add, that we think that the proportion of the stock, whatever it was, to which the children were entitled, was to be administered by the *executors*. That proportion we think, was to be applied, by them, to the payment of the expenses of the board and education of the children, from time to time, as those expenses fell due. We can see no other course that would be safe to the executors—especially as the bequest was a conditional one—was a bequest only on condition that the children should be found to have a certain degree of mental capacity.

In making the eleventh item of his will, it was probably the intention of the testator that his wife should be entitled to receive the negro woman she was, by that item, allowed to select, as soon as she should make the selection; and therefore, that she should be entitled to the hire and issue of the woman that might, after such selection, accrue and be born.

But the wife was, as we think, prevented from making a selection of a woman by the conduct of the executors towards her, when she demanded of them her property.

The question, then, becomes this: Is the wife to be deprived of a benefit which the testator intended for her, by not any fault on her part, but by the unauthorized conduct of the executors? And we say, certainly not, if there is any way of preventing the thing.

[2.] And there seems to be not much difficulty in finding a way to do that. Let the wife still select a woman, and let the selection be considered as relating back to the time when she was prevented, by the executors, from making the selection. In this way, she will get the woman and the woman's

hire and issue (if any) of a date subsequent to the time when her right accrued.

This, it seems, was the idea of the Court below.

We affirm both of its decisions.