## HARDY vs. PARK.

A testator set apart 80 shares of Railroad stock, "for the purpose of educating" his three minor children, who were very young; and, he directed, that they should "be boarded and educated out of the same," until they received a thorough classical education.

*Held,* That the cost of the children's *clothes,* during the period of their education, was a charge on the stock.

In Equity, in Jackson Superior Court. Decision at Chambers, by Judge HUTCHINS.

This was a bill filed by the executors of the last will and testament of William Parker, deceased, for direction as to the execution of said will, &c. The principal questions made by the bill were disposed of when the case was first before this court.—19 Geo. Rep., 127.

The only question made by the present bill of exceptions, is, whether the bequest, in the 4th item of said will, of Georgia Rail Road stock, for the *boarding* and *education* of the children under age, extends to *clothing.* The following is the clause of the will referred to:

24

Hardy vs. Park.

"Item 4. I bequeath and set apart my rail road stock, being eighty shares, in the Georgia Rail Road & Banking Co. for the purpose of educating my children now under age, and direct that they be boarded and educated out of the same, until they receive a thorough classical education, if they have sufficient capacity for the same; and should my present wife have a child, it to be boarded and educated in the same manner, and share in all other respects with my children now under age."

The presiding judge held and decided that it did not extend to clothing, and counsel for the children excepted.

T. R. R. COBB, for plaintiffs in error.

W. H. HULL, contra.

By the Court.—BENNING, J., delivering the opinion.

Does the bequest make the clothes of the children a charge on the rail road stock? The court below held that it does not, but we think that it does.

A child, to be educated, has to be clothed. And it is a general principle, that a grant of the end is a grant of the means. According, then, to this principle, the bequest of an education to the children was a bequest to them of their clothes during the period of their education.

This view is favored by the large amount of the property which is charged with their education. The dividends alone on eighty shares of stock, if well managed, will, probably, the tender years of the children considered, be sufficient to give them a classical education, including the expense of board and clothing.

A child to be educated, has not only to be clothed, but also to be supported—to be boarded.

According, then, to the principle aforesaid, the grant of an education is the grant of board and clothes, as things inclusive in the grant of an education. And the grant in

the present case was of an education.   The stock was set apart "forthe purpose of educating" the children.   True, there followed immediately afterwards, the mention of *board* and education.   "I" "direct that they be boarded and educated."   But the mention of board, whilst it may perhaps serve to show that the testator thought board not included in education, can hardly serve to show that he also thought clothes not intended in it.   And the failure to mention clothes, while mentioning board, may give color to an argument, that he omitted clothes, because he thought them included in education, and therefore thought their mention unnecessary.

We think, then, that the clothes of the children, during the period of their education, were a charge on the rail road stock.

In North Carolina a similar view on the question is entertained.—See Busby's Eq., 148; 1 Dev. & Bat. Law, 397–399 ; 2 do. Eq., same case; 6 Iredell's Eq., 3, 2d 23.

Judgment reversed.