WILLIAM J. WHITEHEAD, administrator, *et al.*, plaintiffs in
error, *vs.* ROBERT C. PARK *et al.*, defendants in error.

1. A testator, by the fourth item of his will, bequeathed and set apart
eighty shares of railroad stock "for the purpose of educating" his
three minor children, and directed "that they be boarded and educa-
ted out of the same until they receive a thorough classical education,
if they have sufficient capacity for the same."   After making specific
bequests of other portions of his property, the testator, in the twelfth
item, directed an equal division of the balance of his estate to be made
between eight of his children—mentioning their names, and including,
amongst them the three minors—adding thereto the following clause:
"And when my youngest child becomes of age, the balance remain-
ing of the railroad stock to be equally divided among the last named

children or their representatives." There were eleven children in all, who were beneficiaries under the will:

*Held*, that the minor children did not take an absolute estate in the railroad stock.

2. The children mentioned in the twelfth item are entitled, when the youngest child becomes of age, to the balance remaining of said stock; and parol evidence is not admissible to show that the testator intended to give it exclusively to the three minors.

3. The three minor children were to be educated as directed in the fourth item; and during the time necessary for acquiring such education, were to be supported and maintained out of said stock. If they did not receive such education and support, they are respectively entitled to have out of the balance of the stock remaining, when the youngest reaches twenty-one, such sum as would have been necessary to have completed whatever education each may have received up to the standard specified in the will, and to have maintained such minor during the time which would have been required to be so educated; and such sums should be paid before the division mentioned in the last clause of the twelfth item is made.

Wills. Evidence. Before Judge RICE. Jackson Superior Court. August Term, 1874.

To report this case would simply be to repeat the facts set forth in the above head-note.

B. H. HILL & SON, for plaintiffs in error.

J. J. FLOYD; S. P. THURMOND; COBB, ERWIN & COBB, for defendants.

TRIPPE, Judge.

1. Had there been no further provision made by the testator in relation to the railroad stock than what is contained in the fourth item of the will, the three minor children's claim to the whole of it would have been different. But there can be no doubt as to the meaning of the last clause of the twelfth item. It expressly provides that when the youngest child arrives at age the balance of the railroad stock remaining should be equally divided between eight of the children, mentioning their names, among whom are the three minor chil-

Whitehead *et al. vs.* Park *et al.*

dren. It is clear that the minor children's interest in the stock was limited, and they did not take the whole.

2. The direction that the eight children mentioned in the twelfth item were all to share in such balance is too clear and explicit to admit of a doubt. There is no ambiguity in it. Nor is there anything for parol testimony to explain. It might, if admitted, contradict the plain terms of the will. A witness might testify that testator's intention was directly contrary to what was written—that he did not mean to give the balance of the stock to those to whom it was given, but only to three of them. We apprehend that on an issue raised as this is, no case can be found where such testimony was admitted: 3 *Georgia,* 557; 8 *Ibid.,* 37; 12 *Ibid.,* 156; 46 *Ibid.,* 247, 252.

3. Another question was presented to-wit: whether those children who did not receive the benefit provided for them through the means of this stock, can now claim from the stock remaining, an equivalent for that they did not thus enjoy. They were to be educated, and during the time necessary for acquiring such education, were to be supported and maintained out of said stock: 28 *Georgia,* 369; 19 *Ibid.,* 127. Some of them did not have this education or support. In Barton *vs.* Cooke, 5 Vesey, 462, the testator directed his executors to apply "£100 for the board and education of James Barton until he was fit to be put out as an apprentice, and then they should pay the further sum of £100 as an apprentice fee." James attained the age of nineteen, but had not been placed out as an apprentice. Lord ALVANLY held that he was entitled to the legacies, saying, "if a legacy be given for the benefit of an infant one way, and it cannot be so applied, it may be applied for his benefit in another." A similar decision was made in Nevill *vs.* Nevill, 2 Vernon, 431, and in Barlow *vs.* Grant, 1 *Ibid.,* 255. See, also, Sidney *vs.* Vaughan, 2 Bro. Parl. Cas., 254. According to this principle, which is fair and just, these minors, if they did not receive the education and support provided for them, are entitled to have respectively out of the balance of the stock remaining when

the youngest attains twenty-one, such sum as would have been necessary to have completed whatever education each may have received, up to the standard specified in the will, and to have maintained such minor during the time which would have been required to be so educated. This will be no difficult matter to ascertain, and it is justice, and we think in accordance with principle and authority. On this point we are of opinion that there was error, and reverse the judgment.

Judgment reversed.