## FRALEY, executor, *v.* THOMAS.

1. Although existing facts may authorize an executor to apply to the ordinary for leave to compromise a contested or doubtful claim belonging to the testator's estate, and an order authorizing a compromise may be properly granted, this will not relieve the executor from the consequences of his own negligence in bringing about the state of affairs rendering the compromise necessary or proper, nor discharge him from liability arising on account of such negligence.

2. In such case the acceptance by a legatee of a portion of the fruits of the compromise does not estop the legatee from holding the executor responsible for a negligent failure to collect the claim at a previous time when the money might have been made upon it if the executor had exercised the proper diligence for this purpose.

3. The evidence warranted a verdict in the plaintiff's favor, and none of the grounds of the motion for a new trial disclose any valid reason for setting it aside.

April 27, 1896.  Argued at the last term.

Appeal.    Before Judge Reese.    Hancock superior court. February term, 1895.

*R. H. Lewis* and *H. T. Lewis,* for plaintiff in error.
*J. A. Harley* and *James Whitehead,* contra.

SIMMONS, Chief Justice.

An execution in favor of William Fraley against George W. Watkins, for $10,000, came into the hands of the plaintiff's executor.    The execution was issued in 1876, and we infer from the record that it came into the executor's hands soon after that time.    It does not appear when the testator died or the executor qualified.    When the execution came into the hands of the executor, Watkins was solvent, and owned realty worth about $10,000 and personalty worth from $8,000 to $11,000.    He had a good credit and his credit continued good until 1882 or 1883.    After that time it was not so good.    About 1890 he became diseased physically and mentally, and his credit became very much weakened.    In 1891 the executor placed the execution in

the hands of the sheriff and had it levied, but was met by an affidavit of illegality setting up that the judgment from which the execution had been issued was dormant. Subsequently a compromise was agreed on between Fraley's executor and the representative of Watkins's estate, and all the legatees under the will of Fraley agreed to the compromise except Mrs. Thomas, the defendant in error in this case; and upon the application of the executor, the ordinary approved the compromise. The executor carried out the compromise, receiving in full discharge of the execution certain land, from the sale of which he realized about forty-five hundred dollars. Mrs. Thomas received her proportion of this fund, and gave a receipt therefor, reciting that it was "on interest in estate of said William Fraley under the will of said deceased." Afterwards the executor was cited by Mrs. Thomas for an accounting before the ordinary; and the case was taken by appeal to the superior court. There was a verdict for the plaintiff, but the amount of the verdict does not appear. The defendant made a motion for a new trial, which was overruled, and he execepted.

1. It was insisted on the part of the executor, that having obtained the consent of the ordinary to the compromise, and having executed the compromise in good faith, he was relieved from any further responsibility to Mrs. Thomas or any other person interested in the estate. The code (§2535) requires an administrator or executor to place in suit every debt due the estate which he may reasonably expect to recover, and declares that "if by his neglect or indulgence the debt is barred by the lapse of time, or is otherwise lost to the estate, he is responsible therefor." It appears in the present case, from the evidence of the executor himself, that he indulged the debtor when the latter had ample means to pay the debt, and that he continued to indulge him for more than ten years, though he knew for a considerable portion of that time that the debtor was gradually growing "weaker." It will be seen, therefore, that the failure to

collect the debt in full was due to the executor's own negligence. This being so, he was liable for so much of the debt as was lost to the estate; and it could make no difference that the compromise finally effected was approved by the ordinary. The effect of the ordinary's approval was merely to show that the compromise was necessary or proper under the circumstances then existing. It could not relieve the executor from liability for the negligence which rendered the compromise necessary.

2. It was also contended by the executor, that the receipt by Mrs. Thomas of the fruits of the compromise estopped her from claiming that there was any further liability on his part on account of the debt in question. If, as we have shown, the compromise did not protect the executor from liability for his negligence prior to the compromise, it follows that acceptance of the fruits of the compromise did not operate to discharge him from such liability; and there was nothing in the terms of the receipt given by Mrs. Thomas which indicated that it was intended to operate as a discharge in full.

3. The evidence warranted the verdict, and none of the grounds of the motion for a new trial present any valid reason for setting the verdict aside. *Judgment affirmed.*