## MALPASS *v.* GRAVES, administrator.

1. When a guardian makes with a debtor of his ward a final settlement and on receipt of a given sum paid in pursuance thereof discharges such debtor from further liability, the ward, if the settlement, though not a just one, was free from fraud or collusion, can not on arriving at majority maintain against the debtor an action for a balance which he ought to have paid to the guardian upon a proper settlement. Before such an action would lie it would be incumbent on the ward to directly attack and set aside the settlement actually made, and to a proceeding for this purpose the guardian would be an essential party.
2. The case is controlled by the ruling above made, and in the light thereof all of the assignments of error, the decision of which is not controlled by the foregoing note, related to rulings which, even if erroneous, were not harmful to the losing party.

Argued July 27, — Decided August 8, 1900.

Complaint. Before Judge Reese. Hancock superior court. August term, 1899.

*Roberts & Pottle, J. A. Harley,* and *R. H. Lewis,* for plaintiff.
*W. H. Burwell* and *Bacon, Miller & Brunson,* for defendant.

Совв, J.   Fairy Malpass brought suit against Graves as administrator of Henry Fraley, deceased, alleging that the defendant's intestate was the executor of the will of her grandfather, William Fraley, and as such was liable to her in different stated sums for alleged acts of mismanagement as the representative of that estate. The defendant answered, denying any liability on the part of his intestate to the plaintiff. The trial resulted in a verdict in favor of the defendant, and the plaintiff's motion for a new trial having been overruled, she excepted.

1. At the trial it appeared that an execution for $10,000 against one Watkins in favor of William Fraley came into the hands of Henry Fraley as executor, and that by a negligent indulgence granted to Watkins a portion of this debt was lost to the estate. The plaintiff was one of the residuary legatees under the will of William Fraley, and the debt of Watkins passed under the residuary clause of the will. Lou A. Fraley as guardian of the plaintiff gave a receipt to Henry Fraley as executor of William Fraley for a given sum of money, in which it was recited that the sum was received "in full of amount due my ward from residuary clause in the will of said deceased," except two items which are not involved in the present controversy. The plaintiff claims that the defendant's intestate was liable to her for her portion of the amount due on the Watkins execution which was lost by his negligence in failing to press the collection of the same with due diligence, and that the receipt given by her guardian should not be so construed as to preclude her from calling the executor to account for his negligence. The terms of the receipt of the guardian are broad enough to indicate that there was a final settlement between her and the executor as to this matter, and as, at the time she receipted the executor, the claim for the amount for which the plaintiff now sues was certainly of doubtful character, so far as the prospect of collecting the same was concerned, the guardian was authorized to compromise the same under the provisions of the Civil Code, § 3428, which declares that guardians are authorized to compromise all contested or doubtful claims for or against the estates or wards that they represent, to submit such matters to arbitration, or release a debtor if to the interest of the estate or ward. There being no evidence whatever to show that the receipt given by the guardian did not speak the truth, or that the settlement was the result of either fraud or collusion, it was binding between the parties to the same; and the ward could not, on arriving at majority, maintain a suit against the executor on the claim which was thus settled by her guardian. If the settlement was not a proper one to be made by the guardian, the ward has her remedy against her guardian, but in order to reach the estate of the executor, if it can be sued at all, it is necessary that the settlement between

him and the guardian should be directly attacked, and in such a proceeding the guardian would be a necessary party. Under this view of the case, the evidence demanded the verdict rendered. This case is to be distinguished from the case of *Thomas* v. *Fraley*, 98 *Ga.* 375, in that in the latter case Mrs. Thomas, the residuary legatee, did not receive the amount paid by the executor in full discharge of the amount due her under the will.

2. There were assignments of error in the motion for a new trial, raising other questions than the one above dealt with, but, under the view we have taken of the case, all of them complain of rulings which, even if erroneous, were not harmful in the present case. Even if the receipt of the guardian did not preclude the plaintiff from recovering for the rents alleged to have been collected and not accounted for by the executor, there was no sufficient evidence to authorize a recovery on this branch of the case, and the failure of the judge to charge the jury with reference to the same was, therefore, not productive of any harm to the plaintiff.

*Judgment affirmed. All the Justices concurring.*