22803, 22804. SHEFFIELD *v.* HAWKINS *et al.* and *vice versa.*

DECIDED JUNE 17, 1933.   REHEARING DENIED JULY 7, 1933.

*McElreath & Scott,* for Sheffield.
*Charles W. Anderson, A. L. Henson,* contra.

GUERRY, J. (After stating the foregoing facts.) The first question to be considered is whether or not the court erred in overruling the motion for new trial after the allowance of the amendment on the ground of newly discovered evidence. Under the decision in *Bell* v. *Love,* 72 *Ga.* 125; "Letters of guardianship can be granted only at a regular term of the court of ordinary. Where the proceedings showed on their face that the letters were granted by the ordinary at chambers, the appointment was made without jurisdiction and was void. Returns made by a guardian so appointed were of no effect." It would seem under this authority that the court did not err in rejecting the transcript as originally tendered by the defendant, for the reason that it showed on its face that the order appointing Mrs. Hawkins as guardian was passed "at chambers." It appears, however, from the amendment tendered that the ordinary, in making a transcript and certification of these proceedings, made an error, and he now certifies that the order appointing Mrs. Hawkins as such guardian was passed at the regular June term of the court, and exceptions were taken by the plaintiff to the allowance of this amendment. It is insisted that under section 6086 of the Civil Code (1910), evidence for the correction of an error is cumulative and impeaching. This section and the objection are clearly not in point. This section does not prevent the introduction of evidence which goes to show that an error was made by a witness in his former certificate as to a transcript of a record. Such evidence does not impeach

the former testimony or transcript, although it may be contradictory. It is explanatory, as showing the way and the manner in which such alleged error may have occurred. The object of all legal investigation is the discovery of the truth, and the courts should at all times exercise a broad discretion in seeing that an admitted error is corrected. The next question to be considered is, would the transcript as corrected have affected the result had in the case? We think so, and are of the opinion that the court, after the admission of the corrected transcript, erred in denying motion for a new trial. If Mrs. M. C. Hawkins is the regularly appointed and duly qualified guardian for Nettie Hawkins, those that deal with her as such are protected, except in cases of fraud and collusion, in an action brought against them by the ward. In the case of *Howard* v. *Cassells,* 105 *Ga.* 412 (31 S. E. 562, 70 Am. St. R. 44), the court said: "While the wards may have a right of action against their guardian for an illegal and unauthorized investment of funds belonging to them, by which such funds are lost, and this right of action may extend to any person who, with knowledge of the facts, received the funds, yet the wards can not maintain a proceeding in which, while claiming the fruits of an illegal investment, they deny the vendor's right to proceed against the property he sold for the balance of the purchase-money. If they ratify the investment and claim the property purchased, they ratify also the proceeding by the vendor to collect the balance of the purchase-money out of the property sold. Such a contract is not several in its terms, and must be ratified in its entirety or repudiated altogether." In the case of *Sharp* v. *Findley,* 71 *Ga.* 654, the court said: "Where the decree for such sale provided that the money acquired therefrom should be delivered to the regular guardian of the infants, and it was so paid, after much litigation on bills in equity between the guardian and executor, and a prochein ami of the infants and the executor, in which this decree was set up and relied upon by the representatives of the minors, such minors would be estopped from denying the validity of the decree."

After the appointment of Mrs. M. C. Hawkins as guardian, she ratified the action of M. C. Hawkins in using the money belonging to Nettie Hawkins in the purchase of certain lands, and acquiesced in and accepted the deed from M. C. Hawkins con-

veying such lands to Nettie Hawkins, and by a petition to the ordinary of Cobb county she set up and alleged that the estate of Nettie Hawkins consisted of certain lands which had been purchased by M. C. Hawkins for Nettie Hawkins with the proceeds of the original $633.33. In *Malpass* v. *Graves,* 111 *Ga.* 743 (36 S. E. 955), it was held: "When a guardian makes with a debtor of his ward a final settlement and on receipt of a given sum paid in pursuance thereof discharges such debtor from further liability, the ward, if the settlement, though not a just one, was free from fraud or collusion, can not on arriving at majority maintain against the debtor an action for a balance which he ought to have paid to the guardian upon a proper settlement. Before such an action would lie it would be incumbent on the ward to directly attack and set aside the settlement actually made, and to a proceeding for this purpose the guardian would be an essential party," under that decision we think that the plaintiff's suit can not stand. Under the facts as shown in this case Nettie Hawkins has received and used the proceeds from the sale of the land which had been purchased by M. C. Hawkins with funds belonging to her. She can not attack this sale and sue M. C. Hawkins or his bondsman, I. M. Sheffield, for the original amount which M. C. Hawkins owed her, but for which he has accounted by turning the proceeds thereof over to her by instructions of her regularly appointed guardian, Mrs. M. C. Hawkins, without at the same time attacking the settlement thus actually made between M. C. Hawkins and Mrs. M. C. Hawkins, as guardian for Nettie Hawkins, and in an action of this character Mrs. M. C. Hawkins would be and is a necessary party. Under the view that we take of this case, if the proceedings for the appointment of Mrs. M. C. Hawkins as guardian are regular, it appearing that no attack has been made thereon, the plaintiff can not recover in this case.

*Judgment reversed on main bill of exceptions, and affirmed on the cross-bill. Broyles, C. J., and MacIntyre, J., concur.*