25601, 25602. MUSSELWHITE *et al. v.* RICKS *et al.;* and *vice versa.*

DECIDED NOVEMBER 27, 1936.  REHEARING DENIED DECEMBER 17, 1936.

*C. B. Marshall, Gilbert C. Robinson, Grice & Grice,* for plaintiffs.

*Martin, Martin & Snow,* for defendants.

STEPHENS, J.   J. W. Musselwhite and twelve other children of W. M. Musselwhite, who were his legatees, brought suit against F. A. Ricks and H. K. Sealy and the surety on their bond as administrators with the will annexed, alleging that the administrators had mismanaged the estate in two respects, by disbursing large sums for the support and education of certain minor legatees, and by failure to collect certain rent notes and accounts which were a part of the assets of the estate.   As to the sums expended for the minor children, the plaintiffs alleged that the will of W. M. Musselwhite did not authorize the administrators to spend these sums, and that the amounts so spent were much larger than were reasonably necessary.   The defendants answered, alleging that there had been a full settlement of the estate by the sale of the realty

which was turned over to nine of the plaintiffs without their paying the purchase-price, it having been agreed that these nine heirs were the only ones entitled to share in the estate, and that they would settle among themselves as to the varying amounts due by them to the estate; four of the heirs not being entitled to share in the distribution, because of being indebted to the estate more than their distributive shares amounted to. The defendants further pleaded that the plaintiffs were estopped to assert any claim against the defendants, by reason of their acquiescence in the management by the administrators, and by failure to make any claim against the administrators at any time before the alleged settlement was had. The case was referred to an auditor, who made a report in which he found that the administrators were not liable for the sums expended for the support and education of the minors, that the sale of the land was not a final settlement of the estate, that the plaintiffs were not estopped by the alleged settlement, but that the administrators were liable for their failure to collect certain rent notes. The defendants moved to recommit the report to the auditor, on seventeen grounds. This motion was overruled, and the defendants excepted. The plaintiffs and the defendants filed numerous exceptions of law and of fact to the report of the auditor. The court overruled all of the exceptions of law, and referred the exceptions of fact to a jury. The jury found in favor of sixteen exceptions of the defendants, fifteen of which related to failure to collect debts, the jury holding the defendants not liable. The plaintiffs and the defendants filed exceptions pendente lite to the overruling of their exceptions of law, and the plaintiffs moved for a new trial on various grounds. This motion was overruled, and the plaintiffs excepted, assigning error on that ruling and on the overruling of their exceptions of law to the auditor's report. The defendants filed a cross-bill of exceptions assigning error on the overruling of their motion to recommit the case to the auditor, and the overruling of their exceptions of law to the auditor's report.

The pertinent questions in the case will be considered under seven heads: First, did the administrators with the will annexed have authority under the will to use the money of the estate to support and educate the minor legatees? Second, were the amounts used for the minors in excess of what was authorized by

the will? Third, was the sale and distribution of the land to certain of the plaintiffs a final settlement of the estate? Fourth, did the court err in submitting to the jury the questions of settlement and estoppel? Fifth, were the plaintiffs estopped by the alleged settlement, and their conduct with reference thereto, from prosecuting their claims against the defendants? Sixth, were the administrators so negligent in collecting the debts as to make them liable therefor to the plaintiffs? Seventh, did the court err in refusing to recommit the case to the auditor?

■ The third item of the will of W. M. Musselwhite was as follows: "It is my will and I so direct that all property both real and personal, of whatsoever kind and wheresoever situated, be kept together, operated, and handled just as I have done during my life, until my youngest child becomes twenty-one years old, except so much of the money it takes to keep my minor children in school in the same way that I have educated them during my life. The handling of my property and the operation of the business to be done by and through my executors hereinafter named, just in the manner as near as practical as I have handled and operated my business during my life." Reasonably construed, this item gives the executors the power to educate the minor children in the same way that the testator had educated them during his life. This power passed to the administrators de bonis non with the will annexed, and the power to educate included the power to feed and clothe. *Park* v. *Hardy,* 19 *Ga.* 127; *Hardy* v. *Park,* 28 *Ga.* 369; *Whitehead* v. *Park,* 53 *Ga.* 575; *Brannon* v. *Ober & Sons Co.,* 106 *Ga.* 168 (32 S. E. 16).

■ As stated above, the power of the administrators to educate the minors is not unlimited; and consequently, where the pleadings and evidence make the issue, it is a question of fact for the jury whether the expenses of education largely exceeded the provision in the will. Therefore it was error for the court to direct a verdict in favor of the defendants on this issue, and it was error for the auditor to exclude testimony concerning this issue, as complained of in the plaintiffs' exception of law number 3. The error in directing the verdict is complained of in ground 3 of the motion for new trial. It is not deemed necessary to go in detail through all the excluded testimony. Suffice it to say that several of the children and some of the neighbors of the Musselwhite

family, who were familiar with their mode of living, testified as to. the expense of providing for the minors; that is, the amounts probably spent therefor by the testator. On the defendants' motion this evidence was ruled out by the auditor. This was error, as the testimony was relevant and admissible. Any witness, after having related the facts on which he bases an opinion, is permitted to give an opinion, and its probative value is a matter for the jury. *Georgia Railway & Electric Co.* v. *Bailey,* 9 *Ga. App.* 106 (4) (70 S. E. 607); *Payne* v. *Allen,* 28 *Ga. App.* 8 (3) (110 S. E. 345).

■ After the youngest child of the testator became of age, a certain agreement was entered into between the defendants and an attorney representing all of the legatees, by which it was stipulated that the lands of the estate had been sold under orders from the court of ordinary and bought in by nine of the legatees, that the other four legatees had already received the full amount of their distributive shares, that the purchasers of the land wished to apply their distributive shares to the payment of the purchase-price and their bid, and not to pay the same to the administrators in cash; that there were no debts owing by the estate except for delinquent taxes; and that it was agreed between the administrators and the attorney representing all the heirs of the estate, with the purpose and intent to protect the rights of all parties concerned and fully to protect the administrators in their action relative to the sale, that a deed in escrow would be "executed and delivered to R. A. Hinton, conveying the lands so sold as aforesaid to the purchasers at said sale, to be held by him to be delivered to the purchasers at said sale as soon as all liabilities of the said estate, including the delinquent taxes mentioned above, have been fully paid and discharged, and a full settlement of the interests of all the heirs in said estate can be legally effected." This agreement shows on its face that it was not intended as a final settlement of the estate. Its main object and effect was to excuse the administrators from collecting, and the nine heirs from paying, the purchase-money for the land. The record shows that the administrators had not made any annual return to the ordinary since 1930, and does not show that any final return had been made or that the administrators had been discharged from their trust. The only duty from which the administrators were excused by the

agreement quoted above was that of collecting and paying out the $10,600 which the land brought at the sale.

■ In this connection may be noticed the first ground of the amendment to the plaintiffs' motion for new trial which complains of a charge of the court on the question of settlement, and which erroneously refers by number to a different subject-matter, to wit, the alleged liability of the administrators for failure to collect debts. This charge was not only liable to confuse the jury, but there was no exception of fact which raised the question of settlement, the same having been decided by the auditor as a question of law. Hence the court erred in giving the charge complained of; and erred also in refusing a request to charge, as set out in ground 2 of the amendment to the motion for new trial, that the only issues which the jury could pass on were those which arose on the exceptions of fact, and that neither the question of estoppel nor that of settlement could be considered by them. McDonald v. Dabney, 161 Ga. 711 (2) (132 S. E. 547).

■ It is contended for the defendants that the agreement respecting the sale of the land which has just been considered, when taken with the fact that none of the plaintiffs put the administrators on notice that the plaintiffs were going to make a claim on account of uncollected debts of the estate, or on account of excessive sums paid out for the benefit of the minors, constituted an equitable estoppel debarring the plaintiffs from afterwards setting up such claims. It has been held above that the agreement about non-payment of the purchase-money for the land, etc., did not purport to be, and did not operate as, a final settlement between the heirs and the administrators. It expressly left open "a full settlement of the interests of all the heirs in said estate." The auditor found against the plea of estoppel, as a finding of law, considering only the contract touching the sale of the lands. The contention of the defendants involves a consideration of evidence outside of that contract, and might have been made the subject of a finding of fact; but there is no such finding, and of course no exception of fact on which this contention of the defendants can rest. Besides, until the parties came to the point of a full and final settlement, either by agreement or by citation before the court of ordinary, as provided in the Code, § 113-2201, there was no duty on the heirs to speak to the administrators about

their claims. See *Fraley* v. *Thomas,* 98 *Ga.* 375 (25 S. E. 446);
*Citizens &c. Bank* v. *Union Warehouse Co.,* 157 *Ga.* 434, 451 (122
S. E. 327). There was a slight complication in the case due to
an irregularity in admitting a piece of evidence which was not
introduced before the auditor. But even this additional evidence,
in connection with the written agreement, did not make out a
case of estoppel. Reference here is made to the yellow sheet
described hereinafter.

■ As to the alleged neglect of the administrators to collect
debts due the estate, this was a question for the jury under proper
instructions. In the defendants' fourth exception of law com-
plaint is made that the auditor found that the administrators were
to administer the estate with that degree of diligence and care that
would be pursued by a man of ordinary prudence and skill in the
management of his own estate, whereas the will provided, "the han-
dling of my property and the operation of the business to be done
by and through my executors hereinafter named, just in the man-
ner as near as practical as I have handled and operated my busi-
ness during my life." It is claimed that the testator had been
very lenient in collecting the amounts due to him by his children,
not having insisted on their paying him when the debts were due,
and therefore that the administrators did not incur any liability
by not insisting on payment of the rents due by certain of the chil-
dren. If it had been the intention of the testator to excuse his
children from paying what they owed him, he could have so pro-
vided in his will. The administrators can not excuse their negli-
gence, if any, in collecting debts by showing that the testator was
equally negligent.

■ The cross-bill of exceptions raises the question whether the
court erred in overruling the motion to recommit the case to the
auditor. Several grounds now insisted on set up matters wherein
it is claimed that the auditor committed error. Such matters are
proper for exceptions to the report, and not for grounds of a mo-
tion to recommit. In construing section 10-305 of the Code, the
Supreme Court held that "the court is not required to recommit
for errors of law, or errors of calculation, or unauthorized find-
ings of fact, though he may do so in certain cases; for errors in
those respects may be pointed out in exceptions to the findings and
a judgment of the court thereon invoked." *Pearce* v. *Smith,* 160

*Ga.* 337 (127 S. E. 764); *Henderson* v. *Lott,* 170 *Ga.* 261, 263 (152 S. E. 98).

The only grounds of the motion to recommit, requiring more particular notice, are the 11th and 13th. These grounds assert that the auditor overruled the plaintiffs' demurrer to the plea of estoppel, which ruling was not excepted to, and finally overruled the plea; that there was no evidence disputing the allegations of the plea; that these rulings were inconsistent; that the final ruling on the plea was a mixed finding of law and of fact; and that "these findings should have been separately classified." It would seem that the intention of counsel was to make the point that the final overruling of the plea should have been classified as a finding of fact, instead of a finding of law. It seems that the auditor disregarded the evidence offered in support of the plea of estoppel, and based his decision on his construction of the contract touching the sale of the lands. Since the negotiations preceding this contract were, as a matter of law, merged in it, the proposition was reduced to a question of law and the auditor did not err in so classifying it.

In evidence on the hearing before the court and jury was a certain "yellow sheet" which had on it figures and calculations showing amounts which certain of the plaintiffs owed to the estate, and the value of the distributive shares. One of the defendants testified that this paper was gone over with the attorney for the plaintiffs in the negotiations which resulted in the contract touching the sale of the lands, and formed the basis of the contract, especially as to four of the heirs having no interest in the estate by reason of owing it more than their respective shares. The attorney who represented the plaintiffs in the negotiations testified positively that the yellow sheet was not exhibited to him. This paper was not in evidence before the auditor, but there is nothing in it which should alter the conclusion of the auditor on the questions of settlement or estoppel. It falls within the rule against parol alteration, and the rule that prior negotiations are merged in the final writing. It is true that the administrators were not at that time apprised of the claims by the heirs which were afterwards set up in their suit; but it is also true that the heirs were not advised and did not agree that the arrangement entered into was to operate as a discharge of the administrators.

The court did not err in overruling the motion to recommit the case to the auditor. Other exceptions in the cross-bill are controlled by the rulings on the main bill. The judgment on the main bill of exceptions is *reversed,* because the court erred in overruling the plaintiffs' third exception of law to the auditor's report, and in overruling the motion for new trial. The judgment on the cross-bill is *affirmed.*