GREER *et al.* *v.* ANDREW; and *vice versa.*

PER CURIAM. 1. While the method of setting out the rulings of the auditor in regard to evidence admitted or excluded was not one to be commended, and some of the findings were not perfect in form, under the facts this does not require a reversal of the order overruling the motion for a rereference.

2. An equitable petition alleged, among other things, as follows: The owner of a lot of land contracted with the plaintiff to improve it, the plaintiff furnishing a sum of money for that purpose, and that after the land was improved it should be jointly owned by them. The contract was executed, the improvements being erected, and a conveyance of a half interest being made to the plaintiff. The other half interest was conveyed to the son of the cotenant. The original cotenant purchased an adjoining lot ostensibly for the benefit of the plaintiff and himself. Half of the purchase-money was paid by the plaintiff, but her cotenant caused a deed to be made in the name of his son. The cotenant and his son conspired and used funds arising from the property, which property belonged to the plaintiff. Partition of the whole, equitable accounting, judgment against both father and his son, and the charging of the interest in the property other than her own with a lien in her favor were prayed. There was evidence tending to support these allegations. *Held,* that there was no error in refusing to strike the son as a party defendant, in the nature of a nonsuit.

3. Spoliation of evidence raises a presumption against the spoliator.

4. A woman and man had business dealings, and during her absence from the place where he resided certain letters passed between them. In a litigation between them some years later, the woman offered in evidence parts of two letters cut from the balance with scissors, and apparently containing statements touching the property involved. She testified, in effect, that she was traveling, and had no place to keep a large number of letters which she had received, and destroyed them, except that she thought these two parts of letters might be useful, as they contained memoranda in regard to the property, that they contained all that was in the letters in relation to business matters, and that she destroyed the letters only because she thought they were useless. The defendant did not deny writing the letters, but substantially admitted so doing, and that the parts preserved contained the references to the business, except that he stated that substantially the same thing as that in one of the excerpts was repeated later for emphasis. *Held,* that the admission in evidence of the parts of the letters was not error.

(a) Nor was there reversible error in admitting parol evidence of the plaintiff explaining the mutilation and showing that the language of the writing mentioning "our lot," etc., referred to the land in controversy.

5. In an equitable action numerous exceptions of law and of fact were filed to the auditor's report. The presiding judge overruled the exceptions of law, disapproved the exceptions of fact, and entered a decree based on the auditor's report. In the brief of counsel for plaintiffs in error, some of these exceptions were urged and some were not mentioned. Upon a consideration of the whole case, while there are some parts of the report which may be subject to criticism, nothing appears which requires a reversal.

6. The decree against the defendants being affirmed, and it being the province of the judge in an equitable action to determine upon whom the costs shall fall, it furnishes no ground for reversal on behalf of

the defendants that the judge decreed that the costs should be divided between the parties. Civil Code, § 5423; *Fricker* v. *Americus Improvement Co.*, 124 *Ga.* 165 (19), 167 (52 S. E. 65).

*Judgment on main bill of exceptions affirmed. Cross-bill of exceptions dis-. missed. All the Justices concur.*

SEPTEMBER ·24, 1912.

Equitable petition. Before Judge Whipple. Ben Hill superior court. April 13, 1911. (See 133 *Ga.* 193.)

*Haygood & Cutts* and *Bolling Whitfield,* for Greer et al.

*L. Kennedy,* contra.