·SCOTT, trustee, et al. v. LUNSFORD et al.

LUMPKIN, J. 1. There was no error in striking certain paragraphs of the
amendment to the plaintiff's petition, which contained indefinite and
vague statements coupled with conclusions of the pleader, but contained
no definite allegations of fact material to the case; nor was there error
in overruling the motion to disallow and dismiss the amendment to the
defendant's answer.

2. There was no error in overruling the motion to recommit the case to
the auditor, after the filing of his report.

3. There was no error in overruling the exceptions of law and fact to the
report of the auditor, except as hereinafter indicated, in dealing with
the decree entered. If there was any merit in any of them, it was not
of sufficient importance to require a reversal.

4. The decree entered was in the main correct, but was erroneous in certain
particulars.

(a) The original equitable proceeding was instituted by one praying for
an accounting, to have a decree entered declaring that the title to land
was in the plaintiff, and that the defendants should be decreed to

execute title to him upon the payment of such amount as might be due them; and for injunction and other equitable relief. The principal defendant filed an answer and an amended answer, praying in the latter that a decree be rendered in his favor for the land in dispute, with a reasonable rental therefor, and for general relief. Pending the action the plaintiff became a bankrupt, and the trustee in bankruptcy was, by order, substituted as the party plaintiff. In the final decree the presiding judge provided, that the principal defendant should recover of the original plaintiff and of the trustee in bankruptcy certain specified sums; that they should pay such sums to the receiver appointed by the court, together with one half of the cost, etc.; and that upon the payment of the amounts stated, the original plaintiff and his trustee would be entitled to receive and have executed to them title to the premises, or, on failure so to do, that the property should be advertised and sold, and the proceeds should be brought into court for distribution. *Held*, that (under the peculiar facts of this case) it was error to enter up a joint judgment against the original plaintiff and his trustee in bankruptcy, providing for the absolute recovery against them of the amounts specified, except as to the costs and expenses of the case against the trustee as a litigant. The decree should have declared the amount found to be due by the bankrupt to the principal defendant, and authorized its payment to the receiver, together with the proportion of costs, etc., decreed against the plaintiff, and should have provided that, upon the making of such payment, the trustee in bankruptcy would be entitled to have title executed to him, or, should the bankruptcy proceedings be terminated, title should be made to such other person as should, under the law, succeed to the plaintiff's rights in respect to the land; and provision should be made for sale of the property in case of default in payment.

(*b*) The decree included in the amount which was necessary to be paid, in order that the plaintiff or the trustee in bankruptcy might obtain title, the sum of $19.65, with interest thereon. This amount arose from a sale of mules, and did not form any part of the sum secured by the land. Direction is given that it be eliminated from the decree as a part of the amount so necessary to be paid.

(*c*) The attorney's fee which was included in the decree was made to bear interest from a date prior to that when the amount to pay it was advanced by the defendant. As nearly as can be ascertained from the record, this excess of interest was allowed on $500 for forty-four days. Direction is given that this be written off from the decree.

(*d*) Direction is given that the decree be so modified as to conform to the above directions. Otherwise it is affirmed.

(*e*) The costs of bringing the case to this court are awarded in favor of the plaintiffs in error.

         *Judgment affirmed, with direction. All the Justices concur.*
                        NOVEMBER 18, 1913.

Exceptions to auditor's report. Before Judge Roan. Newton superior court. September 20, 1912.

*J. S. James* and *Phil W. Davis Jr.*, for plaintiffs.

*R. W. Milner* and *C. C. King*, for defendants.