### SIMPSON v. HURST.

HILL, J.  1. Where a case involving an accounting between the parties was referred to an auditor, with directions to hear the case and to file his report thirty days before the succeeding term of court, and the report was filed less than thirty days prior to the term of court; and where on motion the case was rereferred to the auditor because the report was not filed within the time specified, and the same report was again filed, the report so filed by the auditor will not be treated as a nullity, but the failure to file the report in time will be treated as an irregularity.

2. No complaint is made by the plaintiff in error that he had new and other evidence to submit, and did not have an opportunity to submit it on the second reference to the auditor.  Construing the order of the court, which recommitted the case to the auditor, in connection with the motion of the defendant to recommit on the ground that the report was not filed in time, the case went back to the auditor, not for a de novo

investigation, but for the purpose of having a report duly filed. See *Hale* v. *Owensby*, 133 *Ga.* 631, 633 (66 S. E. 781); Civil Code (1910), § 5139.

3. The court did not err in overruling the exceptions to the auditor's report, and in entering judgment in favor of the plaintiff against the defendant. *Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 16, 1914.

Exceptions to auditor's report. Before Judge Worrill. Clay superior court. September 16, 1913.

J. L. Hurst brought an action against J. R. Simpson. The case involved matters of accounting between the plaintiff and the defendant, and the court referred the case to an auditor, with power to pass upon all questions legal and equitable, and on all facts involved in the controversy, and with directions to hear and determine the questions involved, and to file his report not less than thirty days before the convening of the March term, 1913, of Clay superior court. The auditor heard the case on January 3, 1913; and on February 19, 1913, less than thirty days prior to the convening of the term designated in the order, the auditor filed his report of his rulings and findings in the case, together with a report of the evidence adduced before him on the hearing. On March 3, 1913, within twenty days from the date of the filing of the report, the defendant filed a motion to disregard the report, because it was not filed within the time allowed by the order of reference, and therefore, at the time of filing it, the auditor was without authority to act in the premises, his control over the case having become exhausted under the express terms of the order of the court. At the time of filing the motion just referred to, the defendant also filed exceptions of law to the auditor's report. At the March term, 1913, the court made an order, "disregarding and suppressing the auditor's report, and further ordering that the said case be recommitted to the said auditor." On August 7, 1913, the auditor again filed the report of his rulings and findings in the case with the clerk of the court. On August 23, 1913, less than twenty days after the filing of the report by the auditor, the defendant filed another motion, setting out a history of the case, and invoking a ruling of the court to disregard the report of the auditor: 1st. Because the report was not founded or based upon any evidence or agreement had since the order of recommitment. 2d. Because the auditor based his report upon the evidence and argument had upon hearing

previously to the order of recommitment, and no time was set or any notice given to the parties in the case when evidence could have been produced and argument had upon which to base a report by him as auditor. 3d. Because the auditor, acting under the order of recommitment, erroneously based his report upon evidence and argument had before him when he was acting as auditor under a previous appointment by the court, and by the terms of which he lost jurisdiction as auditor thirty days before the March term, 1913. 4th. Because the report filed by the auditor is utterly void, in that it is not founded upon either evidence or argument or hearing before him as auditor during his term as auditor under the order of recommitment at the March term, 1913.

At the September term, 1913, the case came on to be heard upon the motion to disregard, and upon exceptions filed by the defendant to the report of the auditor filed on August 7, 1913. It was admitted in open court by counsel for both parties that the auditor to whom the case was recommitted had heard no evidence or argument in the case since the order of recommitment, and did not set any time, and did not notify the counsel or parties in the case of any time at which to appear before him for the purpose of giving evidence and arguing the case, and had not since the order of recommitment had any hearing for the reception of evidence or argument in the case; and that the auditor, without hearing evidence or argument in the case, on August 7, 1913, basing his report upon the evidence taken and argument had and occurrences transpiring before him as auditor during his term as auditor, beginning with his appointment by order of the court at the September term, 1912, filed his report. The court overruled the motion to disregard and suppress the auditor's report, overruled all of the exceptions to the report, and entered judgment on the report in favor of the plaintiff and against the defendant. To these rulings the defendant excepted.

*Rambo & Wright,* for plaintiff in error.
*Ben M. Turnipseed* and *Glessner & Park,* contra.