## UPMAGO LUMBER COMPANY *v.* MONROE & COMPANY.

1. The finding of the auditor and the ruling on exceptions to his report being in substantial accord with the ruling of this court on former writ of error in the same case, no cause for reversal is shown.
2. In equity cases the court need not refer to a jury exceptions of fact to an auditor's report, unless they be approved by the judge.

No. 2324.　　AUGUST 11, 1921.　REHEARING DENIED SEPTEMBER 15, 1921.

Equitable petition. Before Judge Thomas. Thomas superior court. October 20, 1920.

*C. E. Hay,* for plaintiff. *J. H. Merrill,* for defendants.

HILL, J. This case was here upon a former occasion. 148 *Ga.* 847 (98 S. E. 498). Headnote three of that decision is as follows: "Treating the cross-demand as for a breach of the contract, the measure of damages for the alleged breach in taking so much of the sawmill outfit as was owned by the defendants should be upon the basis of the fair market value of that property at the date it was taken, and not for any amount of money that may have been ad-

vanced by the defendants for the equipment, maintenance, or improvement of the property. Demands of the character last mentioned were set up in the answer, and the judge erroneously instructed the jury in regard to considering this in determining the amount of damages recoverable by the defendants. The measure of damages applicable as above stated would also apply to the value of buildings and other appurtenances erected by the defendants as a part of the sawmill outfit." When the case was returned for another hearing the defendants, Monroe & Company, in April, 1919, amended their answer and cross-action, consolidating substantially what had been set out in the former answer, except that they sought to amend the cross-action so as to form a basis for the recovery of damages for the interference with the operation of the sawmill in connection with the tramway. The plaintiff demurred to the answer and cross-action as amended; and the auditor, to whom the case was referred, sustained the plaintiff's demurrer "to so much of defendants' amended answer except in so much thereof as seeks to recover the fair market value of the property owned by the defendants and taken by the plaintiff, and it is overruled as to the balance." The auditor found in favor of the defendants against the plaintiff and the surety on its bond in a certain sum. The court overruled the motion to recommit, and to cite the auditor for contempt, and sustained the auditor in his findings of law and fact, and entered judgment in favor of the defendants against the plaintiff and the surety on its bond for a stated sum with interest. To these rulings the plaintiff excepted.

1. In so far as the exceptions present questions for decision by this court, the trial judge did not err in refusing to recommit the case to the auditor, or in overruling the exceptions of law and fact to the auditor's report, and in entering judgment for the defendants against the plaintiff and the surety on its bond in a certain sum with interest thereon. The finding of the auditor and the ruling of the court on exceptions thereto is in substantial accord with the ruling of this court when the case was formerly before it.

2. This is an equity case brought by the plaintiff, praying for injunction and other relief; and in equity cases the judge need not refer exceptions of fact to a jury where he does not approve them. Civil Code (1910), §§ 5141, 5142; *Mathewson v. Reed,* 149 *Ga.* 217 (2), 218 (99 S. E. 854).

*Judgment affirmed. All the Justices concur.*