PEARCE, executor, *et al. v.* SMITH, administrator, *et al.;*
*et vice versa.*

BECK, P. J. D. R. Pearce, executor, filed against the defendants an equitable petition praying for receivership, accounting, and other equitable relief. Parties other than the original plaintiff, who were interested in the estate in controversy, became plaintiffs by intervention. The case was referred to an auditor, who heard the case and in due course made and filed his report containing findings of fact and of law. The plaintiffs filed exceptions of law and fact, and a motion to recommit the case to the auditor. Subsequently an order was passed by consent, under the terms of which the presiding judge ":took said exceptions of law and said exceptions of fact and said motion to recommit under consideration in vacation; and by the terms of which said order the said judge was authorized and empowered to render ʻa judgment upon said exceptions of law and.fact and said motion to recommit, and to render ·a final or such other judgment in said cause, in vacation, as he might deem proper; the judgment and decision of said judge so rendered in vacation to have the same force and effect as if rendered in term, and with the right of exception and appeal preserved to all parties in said cause." In the judgment rendered certain exceptions of fact filed by the plaintiffs were overruled. Certain exceptions of law were sustained and others overruled. To the judgment overruling exceptions of law and fact the plaintiffs excepted and brought the questions thus raised by writ of error to this court. *Held:*

1. The demurrer to the amendment to the answer of the defendant was properly overruled. The amendment referred to set forth certain grounds and reasons showing why the services of the sister of the decedent whose estate was involved in this case and the services of her husband should not have been regarded as gratuitous, and the various paragraphs of this amendment to the answer were sufficient as against the demurrer criticising them upon the ground that they were vague, indefinite, and uncertain.

2. This ruling also applies to the paragraph of the amendment which set forth reasons showing why the defendant, Mrs. E. E. Smith, should be relieved of the forfeiture of her commission as administratrix.

3. This was an equitable action and was referred to an auditor, who duly filed a report, to which exceptions of law and fact were filed by the plaintiff, and the court was not required to submit the issues of fact to a jury, it not appearing that there was any approval by the judge of the exceptions of fact; and especially is this true in view of the order submitting the case to the judge, by the terms of which order he might render a final decree, or such other decree as he saw fit, in vacation.

4. The motion to˙ recommit in this case was properly overruled. The grounds upon which it was predicated were such as should properly be made in exceptions to the report of the auditor, and it is not alleged as a ground for recommittal that the auditor failed separately to state rulings, to classify and state findings, or that there was lack of fullness in his report. The court is not required to recommit for errors of law or errors of calculation, or unauthorized findings of fact, though he

22

may do so in certain cases; for errors in those respects may be pointed out in exceptions to the findings and a judgment of the court thereon invoked. Civil Code, § 5139.

5. The judge was authorized, under the evidence, to overrule the exceptions of fact.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 4745, 4746. APRIL 18, 1925.

Equitable petition. Before Judge Crum. Pulaski superior court. November 25, 1924.

*Lawson & Ware* and *Duncan & Nunn,* for plaintiffs.

*H. E. Coates* and *Jones, Park & Johnston,* for defendants.