TURNER *et al. v.* SECURITY PLUMBING COMPANY *et al.*

TURNER *et al. v.* DECKNER-WILLINGHAM LUMBER COMPANY *et al.*

HILL, J. 1. Upon the motion to dismiss and upon all questions raised by general demurrer and upon all questions raised by special demurrer except as referred to in the next succeeding note, the decision of this Court in the case of *Turner* v. *Security Plumbing Co.*, 165 *Ga.* 479 (141 S. E. 291), affirming the judgment of the trial court in so far as it overruled the demurrers to the petition, is controlling.

Actions, 1 C. J. p. 1129, n. 85.
Appeal and Error, 4 C. J. p. 1109, n. 77.
Equity, 21 C. J. p. 308, n. 7; p. 316, n. 74.
Pleading, 31 Cyc. p. 414, n. 13.

2. The trial court sustained certain paragraphs of the special demurrer which related to certain paragraphs of the petition, allowing the plaintiffs opportunity to amend. These are referred to in the 9th note in the decision of *Turner* v. *Security Plumbing Co.*, supra. The amendments which were subsequently allowed were sufficient to meet those grounds of demurrer so far as was necessary, and were not themselves subject to demurrer on the ground that they sought to introduce a new cause of action, or for other cause as set forth in the numerous grounds of demurrer to such amendments.

3. "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Civil Code (1910), § 5419. In the two equitable actions that were consolidated the defendants were the same. In both actions the petitioners, having separate claims based on similar grounds of complaint and a common interest in attacking an alleged conspiracy upon the part of the defendants to defraud creditors supplying material that went into the improvement of real estate, sued in behalf of themselves and other persons similarly situated. In the circumstances· it was not error to allow a consolidation of the cases, although the parties plaintiff in the original petition were not identical.

4. Applying the rulings above announced, the trial judge neither erred in consolidating the cases, nor in overruling the motion to dismiss the petition, and the several demurrers to the amendments, and the demurrers to the petitions as amended.

*Judgments affirmed. All the Justices concur.*

Nos. 6071, 6072. FEBRUARY 14, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. April 20, 1927.

The Security Plumbing Company, on August 13, 1926, instituted an action against H. H. Turner, L. L. Jones, and others, seeking to set up claims of liens of materialmen for material furnished in the improvement of real estate, and for injunction, receiver, and other equitable relief. The petition was amended on January 26, 1927. A demurrer was filed by Turner and Jones, setting out numerous grounds of general demurrer to the petition as a whole, and of special demurrer to the several paragraphs thereof; which demurrer being overruled in part and sustained in part, with leave to amend subject to demurrer, the demurrants excepted. On August 17, 1926, Deckner-Willingham Lumber Company instituted in the same court a similar suit against H. H. Turner, L. L. Jones, and others. Turner and Jones interposed similar grounds of general and special demurrer to the petition, which were overruled in part and sustained in part, with leave to amend subject to demurrer, and the demurrants excepted. After

the bills of exceptions to the Supreme Court in both cases were certified by the trial judge, the plaintiffs in each case filed amendments to their respective original petitions. Demurrers were interposed to the several amendments, and to each petition as amended, upon general and special grounds. After the filing of the demurrers last mentioned, the cases were consolidated by order of the court on April 20, 1927. At the hearing of the consolidated cases the defendants made an oral motion to dismiss both petitions as amended. The court overruled that motion, and also the several demurrers to the petition as amended. The defendants excepted to the consolidation of the cases, to the overruling of the oral motion, and to the overruling of the demurrers.

*A. S. Grove* and *Jones, Evins, Moore & Powers,* for plaintiffs in error.

*W. J. Davis Jr., Bryan & Middlebrooks, A. Sams, G. B. Rush, R. T. Efurd, G. M. Wilson,* and *Pearce Matthews,* contra.