HENDERSON *et al.* v. LOTT *et al.*

No. 7160. March 1, 1930.

*W. R. Mixon, Philip Newbern,* and *Eldridge Culls,* for plaintiffs in error.

*Milner & Farkas* and *Rogers & Rogers,* contra.

ATKINSON, J. When this case was before this court on a former occasion, the judgment of the trial court directing a verdict for the plaintiffs was reversed. *Henderson* v. *Lott*, 163 *Ga.* 326 (136 S. E. 403). When the case was returned to the trial court the judge, on motion of plaintiffs, granted an order referring the case to an auditor, to which the defendants excepted pendente lite. When the auditor filed his report the defendants filed a motion to recommit the case to him. This motion was overruled. The defendants filed exceptions of law and of fact to the auditor's report. The judge disapproved the exceptions of fact, overruled the exceptions of law, and entered a final decree in favor of the plaintiffs, to which the defendants excepted. Error is assigned upon the final decree, and upon the rulings before stated.

■■ "The duties heretofore performed by a master in the superior court shall be performed by an auditor; and in term time or vacation, upon application of either party, after notice to the opposite party, the judge of the superior court, in equitable proceedings if the case shall require it, may refer any part of the facts to an auditor to investigate and report the result to the court; Provided, however, that said judge may, upon his own motion, when in his judgment the facts and circumstances of any such case require it, refer the same to an auditor." Civil Code (1910), § 5127. The case was in equity. The entire case was for trial in the light of the decision of the Supreme Court, but without any direction restricting the issues. The order for appointment of an auditor states that it appears "that a reference of said cause shall be had for the taking of evidence touching the matters in issue as raised by the petition and all amendments thereto, the answers and all amendments thereto, and interventions and all amendments thereto; said cause involving many complicated questions of fact and law and various accountings." Error was assigned upon the order "as being contrary to law," for that, under the decision of the Supreme Court in this case, "there were no issues left in the case to be tried except the issue of fraud and of the mental incapacity of Mrs. Lucinda Lott, and that said case was not one involving an accounting between the parties at issue, and was not such a case as should be referred to an auditor." Considering the nature of the case as indicated by the pleadings, the judge did not err in referring the case to an auditor.

■ "For indefiniteness, omissions, errors of calculation, failure to report evidence, errors of law, or other proper cause, the judge may recommit the report for such further action as may be proper." Civil Code, § 5139. Under this law, however, "the court is not required to recommit for errors of law or errors of calculation, or unauthorized findings of fact, . . for errors in those respects may be pointed out in exceptions to the findings and a judgment of the court thereon invoked." *Pearce* v. *Smith,* 160 *Ga.* 337 (4) (127 S. E. 764). The several matters alleged in grounds 2 to 8, inclusive, of the motion to recommit were such as that exceptions should have been taken thereto and a judgment of the court invoked thereon, and consequently none of such required the judge to recommit the case to the auditor for further report. The first ground of the motion to recommit, "because the said report and findings of the auditor do not cover the issues in said case," without stating more definitely what issue it was contended the report failed to cover, would not require the judge to grant the motion. There was no error in overruling the motion to recommit the case to the auditor.

3. In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact, and in equity cases by the jury *when approved by the judge.* Civil Code, § 5141. Under this law, in equity cases submitted to an auditor to whose report exceptions of law and fact are filed, the trial judge can, in his discretion, decline to submit exceptions of fact to a jury, unless he approves them. *Mathewson* v. *Reed,* 149 *Ga.* 217 (2) (99 S. E. 854) ; *Upmayo Lumber Co.* v. *Monroe,* 151 *Ga.* 801 (2) (108 S. E. 369) ; *Wiley* v. *Sparta,* 154 *Ga.* 1, 23 (114 S. E. 45, 25 A. L. R. 1342). And where the evidence, though conflicting, supports the finding of the auditor, it is not an abuse of discretion to disapprove the exceptions of fact (*Peyton* v. *McMillan,* 145 *Ga.* 179 (7), 88 S. E. 937) ; but if the evidence does not support the report of the auditor, it would be an abuse of discretion or error to disapprove the exceptions.

■ The rulings of the auditor on admissibility of evidence, as complained of in exceptions of law numbered 10, 11, 12, 13, and 14, do not show that the grounds of objections to the evidence were meritorious; and consequently the judgment overruling those exceptions of law is not erroneous.

■ The auditor's finding of fact number 14 stated in part: "That on November 15, 1921, and for some time prior to the sale and subsequent thereto, Mrs. Lucinda Lott was a person over 60 years of age, a widow, of a weak, feeble and childish mind and eccentric; and that this was known at that time and prior and subsequent thereto by William Henderson." In the exception of fact number 7 it was stated that this finding was erroneous, because it was contrary to the evidence, and against the weight of the evident, and without evidence to support it; and that "the evidence material to be considered in connection with this exception is set forth in an exhibit hereto attached, made a part of this exception and identified" as an exhibit. A similar exception was taken in the 9th exception of fact to the auditor's finding of fact number 18, which finding was as follows: "That prior to February 1, 1923, and subsequent to August 1, 1922, Y. C. Lott had become acquainted with the circumstances of the trade between William Henderson and Mrs. Lucinda Lott, and with the value of the Barrineau notes traded by William Henderson to Mrs. Lott, as already found." A similar exception was taken in the 12th exception of fact to so much of the auditor's finding of fact number 29 as stated that "Lucinda Lott continued weak, feeble, and childish in mind" (until she was adjudged incapable of transacting business). Reference to the several exhibits specified in the foregoing exceptions, which were attached to the record, fails to disclose evidence to support the specific rulings complained of. It follows that it was an abuse of discretion to refuse to approve these exceptions of fact to the auditor's report.

■ Upon examination of all other exceptions of fact and the evidence set forth as relating to the matter excepted to, it appears that the evidence, though conflicting, was sufficient to support the findings of the auditor; and therefore there was no abuse of discretion by the trial judge in disapproving and overruling such exceptions of fact.

■ The exceptions of fact dealt with in division 5, supra, and held therein to have been erroneously disapproved, related to findings of fact which necessarily entered into all exceptions of law except those which have been specifically dealt with in division 4 of this opinion. It can not be said that the auditor would have found as complained of in said exceptions of law, unless the evi-

dence authorized his findings of fact complained of in the seventh, ninth, and twelfth exceptions of fact, which it has been held were erroneously overruled. The evidence may not be the same on another trial; and in these circumstances it is unnecessary to deal further with the exceptions of law.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent for providential cause.*