TURNER *et al. v.* DECKNER-WILLINGHAM LUMBER CO. *et al.*

No. 8812. September 14, 1932. Rehearing denied September 22, 1932.

*A. S. Grove* and *Jones, Evins, Powers & Jones,* for plaintiffs in error.

*Bryan, Middlebrooks & Carter, George B. Rush, Pearce Matthews, Augustine Sams, Knight & Patterson,* and *Robert T. Efurd,* contra.

Atkinson, J. Separate equitable actions were instituted by Security Plumbing Company et al., and Deckner-Willingham Lumber Company et al., against H. H. Turner, L. L. Jones, and E. R. Gallimore, seeking to set up claims of liens of materialmen for material furnished in the improvement of real estate, and for injunction, receiver, cancellation, and other relief. The cases were consolidated. General and special demurrers to the petitions were overruled, and on exception the judgment of the trial court in each case was affirmed. *Turner* v. *Security Plumbing Co.,* 165 *Ga.* 479 (141 S. E. 291) ; *Turner* v. *Deckner-Willingham Lumber Co.,* 165 *Ga.* 809 (142 S. E. 460). The general and special demurrers and oral motion to dismiss the consolidated case were overruled, and on exception the judgment of the trial court was affirmed. *Turner* v. *Security Plumbing Co.,* 165 *Ga.* 652 (141 S. E. 651). The consolidated case was referred to an auditor. The auditor excluded certain testimony offered by the plaintiff as to former statements made by Turner, which ruling was made one of the grounds of exception to the auditor's report. The judgment sustaining the auditor in rejecting the evidence was reversed. *Deckner-Willingham Lumber Co.* v. *Turner,* 171 *Ga.* 240 (155 S. E. 1). After return of the remittitur to the trial court, the case was recommitted to the auditor for the purpose of including such evidence in his report and

making his rulings upon the issues involved in the case in view of such additional evidence. The auditor considered the evidence along with the other evidence, and, on the basis of the pleadings and all the evidence, made a report in which were findings of fact numbered one to fifteen inclusive, and findings of law numbered one to five inclusive. The judge approved exceptions filed by the plaintiffs to the sixth, thirteenth, fourteenth, and fifteenth findings of fact made by the auditor, and reserved his decision upon the exceptions of law until the exceptions of fact should be passed upon by the jury. The jury sustained all the exceptions of fact, after which the judge, on the basis of the verdict and the remaining findings of fact by the auditor, to which no exceptions had been taken, sustained all the exceptions of law and entered a decree granting to the plaintiffs all the relief prayed. Turner and Jones filed a motion for a new trial upon the usual general grounds and a number of special grounds. A new trial was refused, and the movants excepted. Error was assigned also on exceptions pendente lite, which separately assigned error on the order approving the exceptions of fact to the auditor's report, and upon the final decree.

1. In equity cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury *when approved by the judge.* Civil Code, § 5141; *DuBose* v. *Thomas,* 136 *Ga.* 673 (3) (71 S. E. 1106); *Wiley* v. *Sparta,* 154 *Ga.* 1, 23 (114 S. E. 45, 25 A. L. R. 1342); *Henderson* v. *Lott,* 170 *Ga.* 261 (3) (152 S. E. 98).

(*a*) Under the pleadings and the evidence there was no abuse of discretion in approving the exceptions of fact.

(*b*) The judge did not abuse his discretion in delaying his rulings on the exceptions of law until after the exceptions of fact were passed upon by the jury.

2. In the light of the former decisions of this court (165 *Ga.* 479, 165 *Ga.* 652, supra), neither the general grounds nor the special grounds of the motion for a new trial, complaining of certain excerpts from the charge and of refusal of certain requests to charge, and of certain omissions to charge without request, considered in the light of the pleadings and the evidence and of the entire charge as given, show cause for reversal for any reason assigned.

3. The pleadings and the evidence authorized the verdict sustaining the exceptions of fact to the auditor's report.

4. The final decree was authorized by those findings of the auditor to which no exception was taken, and by the verdict construed in the light of the pleadings. The eleventh finding of fact, to which there was no exception, does not require a different ruling.

5. The judge did not err in refusing a new trial, and in entering the final decree.

*Judgment affirmed. All the Justices concur.*