STOVALL *v.* MENDENHALL *et al.*

No. 13850.   September 9, 1941.   Rehearing denied September 26, 1941.

*A. E. Wilson,* for plaintiff.

*John E. Feagin* and *W. L. Bryan,* for defendants.

DUCKWORTH, Justice. Counsel for the plaintiff in his reply brief states: "As we stated in our original brief, in person before this honorable court, and now, the all-important question in this case and the controlling question as we see it is the failure of the auditor to comply with the trial court's order recommitting the case with instructions as to the method of a rehearing." A ruling on the question made by the assignment of error in the exceptions pendente lite requires a construction of the order of recommittal dated March 13, 1941. The plaintiff contends that the language of this order requires a hearing de novo in the case. The order is very similar in language to that of the last sentence in Code § 10-305, relating to a hearing de novo. If we were required to interpret this order alone, without consideration of the motion upon which it is based and other relevant circumstances in the case, we would be inclined to agree with the plaintiff's contention. However, we are required in construing that order to give consideration to the motion as well as other relevant circumstances in the case. *Simpson* v. *Hurst,* 142 *Ga.* 803 (83 S. E. 935). In the case cited a motion was filed to dismiss the report of the auditor because it was not filed in time, and the court made

an order, "disregarding and suppressing the auditor's report, and further ordering that the said case be recommitted to the said auditor." When the auditor had filed his second report, another motion was filed by the defendant seeking to have the court disregard the report of the auditor, upon the grounds: (1) that it was not based upon any evidence or agreement had since the order of recommitment; (2) that the report was based upon evidence and argument had upon the first hearing; (3) that the report was erroneously based upon evidence and argument had before the auditor when acting under a previous appointment; and (4) that it was void in that it was not founded upon either evidence or argument or hearing before the auditor during his term under the order of recommitment. In ruling on the questions presented, this court said: "No complaint is made by the plaintiff in error that he had new and other evidence to submit, and did not have an opportunity to submit it on the second reference to the auditor. Construing the order of the court, which recommitted the case to the auditor, in connection with the motion of the defendant to recommit on the ground that the report was not filed in time, the case went back to the auditor, *not for a de novo investigation, but for the purpose of having a report duly filed."* (Italics ours.) So construing, we examine closely the motion upon which the order recommitting is based. While we have not set out that motion in full, we have set out the substance of each paragraph thereof in the statement of facts preceding this opinion. There is no complaint in that motion to the effect that the evidence contained in the brief is incomplete or otherwise unsatisfactory. The motion rests entirely upon criticisms of the form and method of the auditor's report of law and fact based upon the brief of evidence. The first hearing before the auditor consumed a considerable period of time, and the evidence comprises more than a thousand typewritten pages, a reproduction of which would entail considerable stenographic expense. Yet the order of recommitment required a report within twenty days, which would hardly be sufficient time for a de novo hearing. All of the parties agreed to a recommittal of the case, but it is not likely that they desired or intended to incur the expense of reproducing such a voluminous record of the evidence when none of them appear to have been dissatisfied with the evidence as produced on the original hearing. Therefore the order of

recommittal is construed to mean that the auditor shall make a report containing findings of fact and findings of law that are explicit and cover the issues made by the pleadings. So construing the order of the court, the next question presented is whether the report of the auditor was a sufficient compliance with the order of recommittal to authorize the judgment denying the motion to recommit. As recited by the auditor in his report, all the parties desired that he make fuller and more explicit his findings of fact on the questions of advancements to the partnership from the defendant and charges by the defendant against the partnership for interest. This is fully accomplished by the additional findings of fact wherein all material data are set forth, and the final conclusion that the partnership is indebted to the defendant is made. Elsewhere in his report the auditor had made findings that the plaintiff not only had received every dollar to which he was entitled under the terms of the partnership, but that he had in fact received more than he was entitled to, and that he should be required to repay stated amounts to the defendant. There is an abundance of evidence to sustain these findings, and no evidence to disprove them. See *Callan Court Co.* v. *Citizens & Southern National Bank,* 184 *Ga.* 87 (190 S. E. 831) ; *Maryland Casualty Co.* v. *Smith,* 56 *Ga. App.* 154 (192 S. E. 449). Under the facts in this case, if it be conceded that the report of the auditor was not as explicit as it might have been, there was no reversible error in overruling the motion for a re-reference. *Greer* v. *Andrew,* 138 *Ga.* 663 (75 S. E. 1050) ; *Cowart* v. *Singletary,* 140 *Ga.* 435 (79 S. E. 196, 47 L. R. A. (N. S.) 621, Ann. Cas. 1915A, 1116) ; *Scott* v. *Lunsford,* 141 *Ga.* 73 (2) (80 S. E. 316). If the auditor's construction of the law or his findings of fact be incorrect, the proper method of challenging the report upon these grounds is by exceptions, and not by a motion to recommit. *Pearce* v. *Smith,* 160 *Ga.* 337 (4) (127 S. E. 764) ; *Henderson* v. *Lott,* 170 *Ga.* 261 (2) (152 S. E. 98). Therefore the judgment refusing to recommit was not erroneous.

■ Since under the ruling stated above, there was no error in the only ruling preceding the final judgment attacked, there being no exceptions of law or fact to the auditor's report as finally made, the judgment and decree approving that report was not erroneous.

■ Other headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur.*