1. Where a motion to recommit to the auditor is sustained, the order recommitting must be construed in connection with the motion as well as other relevant circumstances in the case; and although the order directs that portions of the brief of evidence may be used if agreed to by counsel, it will not be construed to direct a de novo hearing, where the motion makes no complaint on the sufficiency of the evidence, but relates solely to criticisms of the form and sufficiency of the findings of the auditor, and all the parties agree to the order of recommitment, and the evidence comprises more than one thousand typewritten pages, and the auditor is directed to make his report within twenty days and to make explicit findings of fact and law on the issues made by the pleadings.
2. Where the report of the auditor is filed, and a motion to recommit is overruled, and the judgment overruling the motion is affirmed, and no exceptions of law or fact are filed to the report, a final judgment of the court approving the auditor's report and entering a decree that conforms to the report is not erroneous.
3. Where, during the pendency of an equitable proceeding by a partner to dissolve a partnership by order of court, funds in the hands of the court are paid to the plaintiff's counsel as attorney's fees, and the order is subsequently reversed by the Supreme Court, it is not erroneous on final judgment to embody in the decree direction to the plaintiff's counsel to repay such funds into the court together with the costs of the appeal. And where the final judgment is in favor of the defendant and against the plaintiff for an amount exceeding all funds in the hands of the court, including such fee, it is not erroneous to provide in the decree that the defendant have judgment against the attorney and the surety on his bond for such fee and court costs.
4. A further complaint by the plaintiff is that the decree denies the plaintiff's application for attorney's fees to be paid from the funds in court. The ruling on this subject in Mendenhall v. Stovall, 191 Ga. 452 (12 S.E.2d 589), answers this complaint adversely to the plaintiff. While that decision was rendered upon the allegations of the pleadings, yet the evidence and the auditor's findings amply support every averment of the defendant's plea, and therefore authorize the judgment denying attorney's fees.
5. The final judgment is further assailed because it directs the payment of stated amounts from the funds in court to named persons. The complaint is based upon the ground that such persons are not parties to the case. This complaint, however, is without merit. This action is for a dissolution of a partnership and payment of creditors, and the undisputed evidence shows that the partnership is indebted to these parties in the amounts which the decree directs be paid to them. Hence paying them is one purpose of the suit.
6. The decree is also attacked because it is stated therein that the intervenor, South Side Atlanta Bank, has been paid, upon the ground that there is no evidence to authorize this statement by the court. The bill of exceptions at first made the above assertion, but then there was interlined *Page 797 
the following: "except a statement in open court by defendant's counsel, which was not controverted, made at the time of the signing of the decree, that the same had been paid by the defendant from funds permitted to be withdrawn by defendant under previous order of the court." Thus the attack is refuted by the quoted recital in the bill of exceptions; and hence this complaint is entirely without merit.
7. Further complaint is made on that part of the decree refusing to adjudge the defendant to be in contempt of court. The conduct complained of was in connection with the conduct by the defendant of a similar business under another name, and the judge was authorized to find that this conduct did not violate the injunction order previously granted.
 No. 13850. SEPTEMBER 9, 1941. REHEARING DENIED SEPTEMBER 26, 1941.
This is an action by one partner against the other, seeking accounting, injunction, and dissolution. The issues as made by the pleadings along with the terms of the partnership as embodied in the contract were fully stated on the former appearance of the case in this court. Mendenhall v. Stovall, 191 Ga. 452
(supra). The South Side Bank filed an intervention as a creditor of the partnership. With only minor amendments of the petition, the case was referred to an auditor, who, after extended hearings, filed his report accompanied by the evidence which comprised more than one thousand typewritten pages. In his report filed on March 1, 1941, the auditor made 91 specific findings of fact and 62 findings of law. On March 13, the plaintiff filed a motion to recommit. This motion comprises four typewritten pages, and will not be set out in full, but the substance of each of the 13 paragraphs thereof is as follows: Paragraph 1 complains that the auditor failed to report all of the evidence submitted on the hearing, that the evidence consisted largely of documents, and that it is necessary that such documents be adequately briefed and included in the report. Paragraph 2 complains that the findings of law failed to distinctly set forth rulings on the admissibility of testimony and failed to give facts connected therewith essential to an understanding. Paragraph 3 complains of the auditor's rulings of law on documentary evidence because the contents of such documents are not set forth. Paragraph 4 complains because the report failed to categorically pass upon the admitted allegations of paragraph 3 of the petition. Paragraph 5 complains because the report failed to pass upon paragraph *Page 798 
8 of the petition, wherein an accounting was sought. Paragraph 6 complains because the auditor failed to make a categorical finding on the allegations of paragraph 9 of the petition, wherein it was alleged that it was the purpose of the defendant to appropriate the assets of the partnership to his personal benefit. Paragraph 7 complains because the auditor made no categorical finding on the issues in paragraph 10 of the amended petition, wherein it was alleged that the defendant commingled the partnership assets with his own, kept no separate bank account, and exacted the sum of $488 as interest. Paragraph 8 complains that the auditor failed to pass upon the allegations of paragraph 12 of the petition. Paragraph 9 complains that a categorical finding on the allegations of paragraph 14 of the amended petition should have been made. Paragraph 10 assails all of the findings of fact, 1 to 91 inclusive, upon the ground that they are insufficient, incomplete, do not contain sufficient data or detail to make them understandable without search of the record, and fail to explain the method by which the auditor arrived at the conclusions reached. In this ground specific reference is made to finding of fact 30, which is as follows: "The defendant in turn charged the partnership with interest charges;" and also to findings of fact numbered 31, 32, and 33. It is also asserted that all of the findings of fact pertaining to interest are indefinite in that they fail to show the amount and dates sufficiently to enable one to make a correct calculation thereof. Paragraph 11 attacks the findings of fact numbered 60 to 63, inclusive, on the ground that they are incomplete. Paragraph 12 complains of the findings of law from number 1 to number 62, inclusive, on the ground that they are indefinite, can not be understood, and do not comply with the law. Paragraph 13 asserts that the findings of law are necessarily dependent upon adequate findings of fact, and that upon the making of complete findings of fact as sought findings of law will necessarily have to be made in accordance therewith. The motion contained the prayer that the report be recommitted to the auditor, with instructions to file a complete report of both findings of fact and findings of law, and that the record be briefed as required by law.
On March 13, 1941, by consent of counsel for the defendant and the intervenor, an order was entered recommitting the case, directing the auditor to file his report within twenty days, and providing *Page 799 
further: "It is further ordered that so much of the evidence adduced upon the former hearing be used as may be agreed between the parties; and that the auditor, in his findings, make his findings of fact and law specific on each of the issues set forth by the pleadings." This order was signed by A. L. Etheridge, judge of the superior court. On March 26, 1941, the auditor filed his report reciting, in part: "In pursuance of the order of recommitment, which was a consent order entered into by the three parties in the case, your auditor set a hearing at 10:00 a. m. o'clock, Saturday, March 22, 1941, which was attended by attorneys for plaintiff, defendant, and the intervenor. Your auditor was advised that one of the purposes of the order of recommitment was to allow the parties to agree to eliminate some of the documentary evidence which was introduced. In order to facilitate such agreement, your auditor requested the plaintiff to state which part of his documentary evidence he would be willing to eliminate. Out of 23 exhibits introduced by the plaintiff, plaintiff's attorney was not willing to eliminate any of these documents, and was able to stipulate as immaterial only three paragraphs of one exhibit (plaintiff's exhibit A-1). This would be only an immaterial change, and would not substantially shorten or simplify the documentary evidence. It was agreed that intervenor's documentary evidence was all material." The report further stated that the auditor had on his own motion eliminated all the routine canceled checks introduced by defendant, except those in dispute, because these checks were shown on the ledger sheets, where each check was described as to number, date, payee, amount, and purpose for which paid; and that he for the same reason eliminated original invoices produced by the defendant, except those that were disputed. The report recites that "plaintiff's attorney suggested that the ledger pages themselves be eliminated or summarized, but both intervenor's attorney and defendant's attorney objected to the elimination of these ledger pages. Therefore the parties could not agree on eliminating or summarizing any of the documentary evidence, except that which the auditor had already eliminated in his report. Your auditor, therefore, wishes to report to the court that he can not shorten the documentary evidence by further elimination. Your auditor further wishes to show that counsel for both plaintiff and defendant requested that the original documents be sent up, and under the law *Page 800 
your auditor is bound to do this if requested by either party." The report further recites: "All of the attorneys, pursuant to the recommitment, have requested your auditor to make his findings more definite with reference to the indebtedness due the defendant by the partnership and the interest thereon. Accordingly, your auditor makes the following findings of fact which are in addition to the findings of fact set out in his original report." Then follow additional findings of fact. Number 92 finds that the defendant made a number of advances to the partnership, giving the day, month, and year, and the amount of each, totaling $13,800. No. 93 shows the partial repayments by the partnership to the defendant, giving the dates and amounts, totaling $4600. Finding No. 94 states that the net balance owed the defendant by the partnership at the termination of the partnership was $9200, against which was set off, as explained in the original report, the amount on hand designated as "cash account." Finding 95 states that these advances by defendant and partial repayments by the partnership were carried on the books as notes payable, although no notes were actually given therefor. Finding 96 is that the "cash account" as set out in the auditor's report amounted to $5154.23. Finding 97 is that the total interest due defendant by the partnership for advances is $678.66, and this conclusion is reached by setting forth the amounts and dates of the advancements and date of repayment and figuring seven per cent. thereon; but the auditor recites that the defendant has claimed and charged a lesser amount ($488), and therefore the auditor has allowed the lesser amount charged and claimed by the defendant as interest. The report then recites that the auditor has in his original report made specific findings of fact and findings of law on each issue made by the pleadings or raised by the parties during the course of the accounting, but that it was not practicable to correlate his findings of fact with the numbered allegations of the pleadings, for two reasons: (1) Some of the allegations contained conclusions of law and alleged no facts, and other paragraphs commingled more than one allegation of fact. (2) Most of the issues were raised by the parties on the accounting, and for this reason many issues of fact and of law were not disclosed by the pleadings. The report was submitted in the following language: "Wherefore your auditor respectfully submits this as his supplementary report, and expressly adopts and makes *Page 801 
part hereof his previous report and his brief of evidence previously filed as part of this report, and respectfully prays that his previous report and brief of evidence together with this supplementary report be considered together as his report to the court on the recommitment order." The report contained the necessary affidavit of the auditor.
On March 28, 1941, the plaintiff filed a petition or application to the judge of the court, reciting the fact that the auditor had made his report and that on motion and consent of the parties an order recommitting the case to the auditor had been issued, setting forth that order, and reciting that after the recommittal, on notice from the auditor, plaintiff's counsel appeared at the time and place designated for a hearing pursuant to the order; that at such hearing plaintiff's counsel was directed to make such suggestions to the auditor's secretary for the diminution of the record as he deemed proper, and plaintiff's counsel sought to co-operate with the other parties in an attempt to diminish the record; that no real desire to aid and assist in that connection was intimated, and the hearing was adjourned; that thereafter, on March 26, 1941, the auditor filed in the court a supplementary report which added six findings of fact and sought to make the supplemental report a part of the original report; that the order of re-reference was de novo, with the single exception that such of the evidence adduced on the former hearing might be used as the parties agreed to; that the auditor made no pretense of correcting the alleged inaccuracies in his first report, and overlooked the fact that the order of recommitment sustained in every particular the motion made by plaintiff to recommit; that the auditor heard no testimony as provided by the terms of the order; and that there was no agreement to use testimony adduced upon the former hearing. The prayer was for a rule nisi requiring the auditor to show cause why he should not make a report to conform to the provisions of the order of recommittal dated March 13, 1941. The rule was issued and served, and on a hearing before Judge John D. Humphries the prayer for recommittal was overruled and denied on April 14, 1941. To this judgment the plaintiff had approved and filed exceptions pendente lite. Thereafter, on May 21, 1941, no exceptions to the auditor's report having been filed, on motion of defendant's counsel a decree was entered, conformably to the auditor's report, and denying the *Page 802 
prayers of plaintiff for the appointment of a receiver and to adjudge the defendant in contempt of court. It further ordered that A. E. Wilson, attorney of record for plaintiff, pay into court $300 previously withdrawn by him, plus costs of court on appeal from a judgment allowing such fee, which judgment was reversed by the Supreme Court; and judgment was rendered in favor of the defendant C. M. Mendenhall against A. E. Wilson and J. T. Floyd, his surety, in the amount of such fee and court costs. The decree directed the payment of certain creditors of the partnership, auditor's fees, and stenographic expenses from funds in the hands of the court, recited that the South Side Atlanta Bank, intervenor, had been fully paid, and final judgment was rendered in favor of the defendant Mendenhall against the plaintiff Stovall for $93.18 principal, $784.35 court costs, less $27.20 costs of appeal if such costs are collected from attorney Wilson as directed by the decree. To this judgment the plaintiff excepted, assigning error thereon as well as on the rulings excepted to pendente lite.
1. Counsel for the plaintiff in his reply brief states: "As we stated in our original brief, in person before this honorable court, and now, the all-important question in this case and the controlling question as we see it is the failure of the auditor to comply with the trial court's order recommitting the case with instructions as to the method of a rehearing." A ruling on the question made by the assignment of error in the exceptions pendente lite requires a construction of the order of recommittal dated March 13, 1941. The plaintiff contends that the language of this order requires a hearing de novo in the case. The order is very similar in language to that of the last sentence in Code § 10-305, relating to a hearing de novo. If we were required to interpret this order alone, without consideration of the motion upon which it is based and other relevant circumstances in the case, we would be inclined to agree with the plaintiff's contention. However, we are required in construing that order to give consideration to the motion as well as other relevant circumstances in the case. Simpson v.Hurst, 142 Ga. 803 (83 S.E. 935). In the case cited a motion was filed to dismiss the report of the auditor because it was not filed in time, and the court made *Page 803 
an order, "disregarding and suppressing the auditor's report, and further ordering that the said case be recommitted to the said auditor." When the auditor had filed his second report, another motion was filed by the defendant seeking to have the court disregard the report of the auditor, upon the grounds: (1) that it was not based upon any evidence or agreement had since the order of recommitment; (2) that the report was based upon evidence and argument had upon the first hearing; (3) that the report was erroneously based upon evidence and argument had before the auditor when acting under a previous appointment; and (4) that it was void in that it was not founded upon either evidence or argument or hearing before the auditor during his term under the order of recommitment. In ruling on the questions presented, this court said: "No complaint is made by the plaintiff in error that he had new and other evidence to submit, and did not have an opportunity to submit it on the second reference to the auditor. Construing the order of the court, which recommitted the case to the auditor, in connection with the motion of the defendant to recommit on the ground that the report was not filed in time, the case went back to the auditor, notfor a de novo investigation, but for the purpose of having areport duly filed." (Italics ours.) So construing, we examine closely the motion upon which the order recommitting is based. While we have not set out that motion in full, we have set out the substance of each paragraph thereof in the statement of facts preceding this opinion. There is no complaint in that motion to the effect that the evidence contained in the brief is incomplete or otherwise unsatisfactory. The motion rests entirely upon criticisms of the form and method of the auditor's report of law and fact based upon the brief of evidence. The first hearing before the auditor consumed a considerable period of time, and the evidence comprises more than a thousand typewritten pages, a reproduction of which would entail considerable stenographic expense. Yet the order of recommitment required a report within twenty days, which would hardly be sufficient time for a de novo hearing. All of the parties agreed to a recommittal of the case, but it is not likely that they desired or intended to incur the expense of reproducing such a voluminous record of the evidence when none of them appear to have been dissatisfied with the evidence as produced on the original hearing. Therefore the order of *Page 804 
recommittal is construed to mean that the auditor shall make a report containing findings of fact and findings of law that are explicit and cover the issues made by the pleadings. So construing the order of the court, the next question presented is whether the report of the auditor was a sufficient compliance with the order of recommittal to authorize the judgment denying the motion to recommit. As recited by the auditor in his report, all the parties desired that he make fuller and more explicit his findings of fact on the questions of advancements to the partnership from the defendant and charges by the defendant against the partnership for interest. This is fully accomplished by the additional findings of fact wherein all material data are set forth, and the final conclusion that the partnership is indebted to the defendant is made. Elsewhere in his report the auditor had made findings that the plaintiff not only had received every dollar to which he was entitled under the terms of the partnership, but that he had in fact received more than he was entitled to, and that he should be required to repay stated amounts to the defendant. There is an abundance of evidence to sustain these findings, and no evidence to disprove them. SeeCallan Court Co. v. Citizens Southern National Bank,184 Ga. 87 (190 S.E. 831); Maryland Casualty Co. v. Smith,56 Ga. App. 154 (192 S.E. 449). Under the facts in this case, if it be conceded that the report of the auditor was not as explicit as it might have been, there was no reversible error in overruling the motion for a re-reference. Greer v. Andrew,138 Ga. 663 (75 S.E. 1050); Cowart v. Singletary,140 Ga. 435 (79 S.E. 196, 47 L.R.A. (N.S.) 621, Ann. Cas. 1915A, 1116); Scott v. Lunsford, 141 Ga. 73 (2) (80 S.E. 316). If the auditor's construction of the law or his findings of fact be incorrect, the proper method of challenging the report upon these grounds is by exceptions, and not by a motion to recommit. Pearce v. Smith, 160 Ga. 337 (4) (127 S.E. 764);Henderson v. Lott, 170 Ga. 261 (2) (152 S.E. 98). Therefore the judgment refusing to recommit was not erroneous.
2. Since under the ruling stated above, there was no error in the only ruling preceding the final judgment attacked, there being no exceptions of law or fact to the auditor's report as finally made, the judgment and decree approving that report was not erroneous.
3-7. Other headnotes do not require elaboration.
Judgment affirmed. All the Justices concur. *Page 805